**In The**

*Court of Appeals*

*Ninth District of Texas at Beaumont*

_____

**NO. 09-23-00233-CR**
_____


**IN RE JOSHUA A. WADE**

**Original Proceeding**
**252nd District Court of Jefferson County, Texas**
**Trial Cause No. 23DCCR0194**

**MEMORANDUM OPINION**

In a pro se petition for a writ of mandamus, Relator Joshua A. Wade asks this Court to compel the trial court to hold an examining trial. *See* Tex. Code Crim. Proc. Ann. art. 16.01 ("The accused in any felony case shall have the right to an examining trial before indictment in the county having jurisdiction of the offense[.]"). We deny mandamus relief.[1]

---

[1] Relator failed to certify that he served a copy of the mandamus petition on the Respondent or the Real Party in Interest. *See* Tex. R. App. P. 9.5. We use Rule 2, however, to look beyond these deficiencies to reach an expeditious result. *See* Tex. R. App. P. 2.

To be entitled to mandamus relief in a criminal case, a relator must show that he has no adequate remedy at law to redress his alleged harm and he must show that he seeks to compel a ministerial act, not involving a discretionary or judicial decision. *See In re State ex rel. Young v. Sixth Judicial Dist. Court of Appeals at Texarkana*, 236 S.W.3d 207, 210 (Tex. Crim. App. 2007) (orig. proceeding). "If a party properly files a motion with the trial court in a criminal case, the court has a ministerial duty to rule on the motion within a reasonable time after the motion has been submitted to the court for a ruling or after the party has requested a ruling." *In re Gomez*, 602 S.W.3d 71, 73 (Tex. App.—Houston [14th Dist.] 2020, orig. proceeding). The mandamus record must show that the motion was filed and brought to the attention of the trial court for a ruling, and the trial court failed to rule on the motion within a reasonable time after the motion was submitted to the court for a ruling or after the party requested a ruling. *Id*. The mandamus record must contain a sworn or certified copy of any order complained of, or any other document showing the matter complained of. *See* Tex. R. App P. 52.3(k)(1). A relator must certify that he has reviewed the petition and concluded that every factual statement in the petition is supported by competent evidence in the appendix or record. *See id*. 52.3(j).

Relator claims the judge who conducted his arraignment on March 2, 2023, never notified him of his right to an examining trial. Relator asks this Court to order

2

the trial court to apply Article 16.01, Texas Code of Criminal Procedure. *See* Tex. Code Crim. Proc. Ann. art. 16.01 (Examining Trial). He fails to mention whether he has been indicted. He fails to mention whether he is represented by counsel in the trial court. He fails to show that he invoked his right to an examining trial at a proper time and in an appropriate manner. He fails to describe his attempts to bring his request for an examining trial to the attention of the trial court. He fails to support his petition with an appendix. He cites section 132.001 of the Civil Practice and Remedies Code, which authorizes a person to use an unsworn declaration in lieu of a sworn declaration, certification, or affidavit, but his declaration is not in the form required by section 132.002. *See* Tex. Civ. Prac. & Rem. Code Ann. § 132.001. To be effective as a substitute for an affidavit, an unsworn declaration must be made under penalty of perjury, so that the State may prosecute him for perjury if he attests to a statement that is false. *See id*.

Relator failed to establish a right to mandamus relief. Accordingly, we deny the petition for a writ of mandamus. *See* Tex. R. App. P. 52.8(a).

PETITION DENIED.

PER CURIAM

Submitted on August 8, 2023
Opinion Delivered August 9, 2023
Do Not Publish

Before Golemon, C.J., Johnson and Wright, JJ.

3